ETIONY ALDARONDO GALVÁN, Member of the Commonwealth Board of Elections as representative of the People's Party, Petitioner, *v.* COMMONWEALTH BOARD OF ELECTIONS, GILBERTO GIERBOLINI, GENERAL SUPERVISOR OF ELECTIONS, Respondent.

No. 28.    Decided November 28, 1972.

1082

*Flavio Cumpiano* for petitioner and for the People's Party. *Arcilio Alvarado* for the Popular Democratic Party. *Luis A. Rivera Lacourt* for the Puerto Rican Independence Party. *Angel Viera Martínez* for the New Progressive Party. *J. F. Rodríguez Rivera, Acting Solicitor General,* for the Commonwealth Board of Elections, respondent.

DECISION OF MR. ACTING CHIEF JUSTICE PÉREZ PIMENTEL.

In its meeting of November 15, 1972, the Commonwealth Board of Elections decided that those electoral ballots marked with a cross under the emblem of the Popular Democratic Party and also with another cross or mark in the blank rectangle which is immediately below the rectangle where the name of the candidate for Representative-at-large of the People's Party, Roberto Sánchez Vilella, is printed shall not be considered as votes in favor of said candidate Sánchez Vilella, but rather as votes in favor of the whole list of candidates of the Popular Democratic Party.

The representative of the People's Party before the Commonwealth Board of Elections appealed from this decision before the Acting Chief Justice.

In its appeal to this Court, the Commonwealth Board of Elections, besides sustaining its decision, has requested the dismissal of the appeal, alleging that the latter is not authorized by law. The New Progressive Party and the Independence Party sustain the opinion of the Board as to the unavailability of the appeal.

The contention should be dismissed. The Election Law, particularly in its §§ 13 and 19 (16 L.P.R.A.), constitutes sufficient authority to sustain the availability of the

appeal brought by the People's Party. Section 19 itself establishes that the remedy of appeal brought against a decision of the Commonwealth Board shall not suspend, impede, or hinder in any way the general canvass which is being carried out by the Commonwealth Board now. Therefrom we conclude that notwithstanding the facts of the appeal, the general canvass follows its course, and that if appeal could not be taken before the Chief Justice from any decision taken by the Board during the general canvass procedure, the aforecited legal provision would lack meaning to the effect that the appeal will not suspend, impede or hinder the general canvass.

■ The parties that sustain the unavailability of this appeal have not pointed out which are those decisions made by the Commonwealth Board of Elections during the general canvass procedure which are appealable before the Chief Justice of the Supreme Court. We think that the manner of adjudicating the electoral ballot object of the decision appealed from was a question submitted to the consideration of the Commonwealth Board of Elections and since it did not receive the unanimity of the votes to which § 13 of Title 16 of the Laws of Puerto Rico Annotated refers, the question was decided by the General Supervisor of Elections, his decision being considered as the decision of the Commonwealth Board of Elections, from which appeal may be taken in the manner provided in § 19 of the aforementioned Title 16 of L.P.R.A. and which as we already know is an appeal brought before the Chief Justice of the Supreme Court.

For the sake of brevity we refrain from setting forth other arguments against the petition to dismiss the appeal.

At our request the Commonwealth Board has sent up with the record a photocopy of one of the electoral ballots object of the decision appealed from.

This ballot has seven vertical columns separated one from the other by a heavy black line. In each column, except for

the one devoted to independent candidates, there appears from top to bottom the emblem of each one of the six political parties which participated in the last general elections. The name of the Party appears below the emblem of the party and right after the names of the candidates for Governor, Resident Commissioner in the United States, Senators for the District, Representatives for the District, mayor, and Members of the Municipal Assembly. Immediately below are the spaces for Senators-at-large and finally, in the lower part of the ballot, there are spaces or divisions for Representatives-at-large.

So that the electoral ballot is vertically divided into three parts or sections. In the first from top to bottom there appear the already mentioned general candidates. The candidates for Senators-at-large appear in the second section, in the third, which is the lower part of the ballot, the candidates for Representatives-at-large. The vertical and horizontal division of the ballot is easily noticed.

The ballot under our consideration appears marked with a cross under the emblem of the Popular Democratic Party and with another cross under the name of Roberto Sánchez Vilella but in another blank space. In the vertical column or space where the candidates of the People's Party appear and under the space "Representatives-at-large" the only name printed is that of Sánchez Vilella and under his name there are five blank spaces. It was in the first of those spaces, which immediately follows the name of Roberto Sánchez Vilella that the voter marked a cross.

The Election Law provides that the voter may designate the candidates for senator or representative-at-large as follows: by voting the straight ticket of the party, in which case it shall be understood that it was his intention to vote for the candidate whose name, in the order of printing on the elec-

toral ballot, appears in first place for said offices, although he does not place the mark alongside the insignia or device of the candidate, but he may also show his intention to vote for some other candidate for senator or representative-at-large when, in addition to marking the electoral ballot, he makes some mark or cross alongside the name, device, or insignia of a candidate for senator or representative-at-large, in which case, this mark shall be understood to mean that it was the intention of the voter to vote only for the candidate thus marked for the said office or offices. 16 L.P.R.A. § 220(c).

If we apply in a strict manner certain subdivisions of the law, and circumscribe to the words thereof the decision of the Commonwealth Board appealed from could be sustained. This would lead us to a restrictive interpretation of the right to vote. The law itself, in the above-cited section, provides: "In any case of doubt, the marking of the ballot shall be deemed to be valid in such a way that whenever the intention of the voter appears, although the marking may be defective, the ballot shall be valid and effective."

█ It may be granted that the ballot which we examined is improperly marked under the name of the candidate for Representative-at-large, Sánchez Vilella. However, considering that the mark was made in the column of the People's Party, that this column is separated from those of the other parties which appear on its left and right sides by a heavy black line of one-eighth of an inch wide, and that under the printed name of Roberto Sánchez Vilella there does not appear the name of any other candidate, it seems to us that the intent of the voter was to vote for said candidate for Representative-at-large. That intention should prevail and the ballot should be considered valid and effective as a vote in favor of Sánchez Vilella for Representative-at-large and in favor of the remaining candidates that appear in the column of the Popular Democratic Party.

1086

In deciding it thus we are rejecting the position taken by the Puerto Rican Independence Party and the New Progressive Party to the effect that the electoral ballot in controversy is void because the voter marked the straight ticket of more than one party whose candidates are entirely different. 16 L.P.R.A. § 220(a).

■ Though it is true that the aforementioned § 220(a) provides that the voter may also vote the straight ticket of any one party by making a cross or drawing a line of any dimension and form . . . "in any space in the column corresponding to said party, except in the spaces at the right and left of the names of the candidates"; that does not mean, in our opinion, that necessarily any mark made in any space in the column corresponding to a party, is a vote for the straight ticket of that party, if we take into consideration the legislative history of said provision.

We must establish that in the electoral ballot which we are examining in this appeal, practically no space whatsoever was left to the right or left of the name and emblem of the sole candidate for Representative-at-large of the People's Party, consequently the electoral ballot would be improperly printed, if we were to apply the aforementioned subdivision (a) of § 220. It is probable that that was the reason why some voters, in voting for Sánchez Vilella, marked the ballot in the blank space or rectangle which is immediately below his name.

This is not the case where the voter wanted to vote and voted the straight ticket of two political parties. He voted for all the candidates of the Popular Democratic Party, except for the candidate for Representative-at-large, making a cross under the emblem of said party, and he also voted for Sánchez Vilella marking the ballot in the manner explained.

The electoral ballots which gave rise to this appeal should be so adjudicated.

Notice be served upon the Commonwealth Board of Elections and upon its members individually.

(s)  PEDRO PÉREZ PIMENTEL
*Acting Chief Justice*

I ATTEST:

(s)  JOSÉ L. CARRASQUILLO
*Clerk*